## RUFF *v.* ANDERSON, executrix.

ATKINSON, J. On January 17th, 1911, R. executed a promissory note payable to A., for one thousand dollars, due six months after date, with interest at eight per cent. per annum, and all costs of collection, including ten per cent. attorney's fees. On the same day R., as party of the first part, executed a paper under seal, which was attested by a notary public and another witness and recorded the following day, in which A. was named as party of the second part, whereby it was provided that in consideration of one dollar in hand paid and for "better securing" the payment to A. of "the debt which is hereinafter more fully described," (the note above mentioned), R. "has granted, bargained, sold," etc., unto A., his heirs and assigns, described property in the town of Smyrna, Georgia. After the habendum clause the instrument stipulated that R., "for the consideration aforesaid, agrees to pay to" A. "one fourth of the profits of a grist-mill for corn, located in Bremen in Haralson county, Georgia, after deducting an expense not exceeding two dollars and seventy cents per day and cost of coal," and R. "agrees to send" to A. "a statement of earnings and expenses of said mill at the end of each week, and to remit the profits thereon at the end of each month. And for the consideration aforesaid the said" R., "for himself and family, does hereby waive and renounce in favor of said debt, evidenced aforesaid, all right of homestead or exemption in and to any and all property hereby conveyed by the law of Georgia or the United States. Upon condition, nevertheless, that if the said" R., his heirs, etc., "shall faithfully pay to the said" A., his executors, etc., "a certain promissory note" (describing the note as that above mentioned) "then this present indenture and the estate hereby granted,

and every article and clause therein contained, shall cease and become entirely void." Then follow the attesting clause and the signatures of the maker and witnesses. *Held:*

1. Properly construed, the provision of the paper in regard to profits from the mill at Bremen amounted merely to a pledge of such profits as additional security for payment of the note. As remittances were received from such source after maturity of the note, they were properly credited as payments on the note.

2. The paper in its entirety did not amount to an agreement between the parties to become partners in reference to the milling business at Bremen, or show an attempt to apply the profits from the mill as additional interest on the note, thereby rendering the contract usurious.

3. In a suit upon the note, evidence to the effect that after maturity of the note stated amounts were sent by R. to A. as "his share of the profits," and that A. in a letter to R. subsequently to such time, granting an indulgence, stated, in connection therewith, "count up the interest on what you are due me, and my share of the profits," was insufficient, when considered in connection with the written contract and note and the other evidence in the case, to show the existence of a partnership, or that the profits were received otherwise than to be applied as payments on the debt specified in the note. A letter of the character just indicated, offered by the defendant, was properly rejected as immaterial.

4. Under the pleadings and evidence, there was no error in directing the verdict in favor of the plaintiff.

*Judgment affirmed. All the Justices concur.*
APRIL 13, 1916.

Complaint. Before Judge Patterson. Cobb superior court. January 13, 1915.

*Mozley & Moss,* for plaintiff in error.
*Lindley Camp* and *D. W. Blair,* contra.